This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

JK

Mailed:October 17, 2008

Opposition No. 91181945

Kairos Institute of Sound
Healing, LLC

v.

Doolittle Gardens, LLC

Before Holtzman, Cataldo and Ritchie de Larena:
Administrative Trademark Judges.

By the Board:

This proceeding is before the Board for consideration
of applicant's motion (filed May 12, 2008) for sanctions in
the nature of dismissal of the opposition, or in the
alternative for imposition of a lesser sanction, for
opposer's failure to make initial disclosures.  The motion
is fully briefed.[1]

Under Trademark Rule 2.120(a)(2), initial disclosures
must be made no later than thirty days after the opening
date of discovery, and under Trademark Rule 2.120(a)(3) a
party cannot seek discovery until it has made its initial

---

[1] Although the Board delayed in its issuance of an order
suspending proceedings pending disposition of applicant's motion,
we consider proceedings to have been effectively suspended as of
the date of filing of the motion, namely, May 12, 2008.  The
Board acknowledges this delay, and, in view of its ruling herein,
has reset a substantial remaining discovery period.

disclosures, absent modification of this requirement by stipulation of the parties approved by the Board, on motion granted by the Board, or by order of the Board.

Pursuant to the Board's January 16, 2008 notice of institution, the parties' reciprocal initial disclosures were due April 25, 2008.  Applicant served its initial disclosures on April 25, 2008, but opposer did not serve its initial disclosures until May 30, 2008, over a month late and three days after applicant filed its motion for sanctions.[2]

Applicant argues that dismissal is an appropriate sanction under Trademark Rule 2.120(g)(1).[3]  Applicant asserts that opposer, acting in bad faith, willfully evaded its disclosure obligation, thereby causing prejudice by leaving applicant to speculate about opposer's evidence and witnesses, and rendering applicant unable to formulate an adequate discovery plan.

---

[2] The Board notes that opposer also filed its initial disclosures with the Board, and thereafter, on August 22, 2008, filed its expert disclosures with the Board as well.  Written disclosures should not be filed with the Board, except when submitted with a motion relating to disclosure or discovery, or in support of or in response to a motion for summary judgment, or under a notice of reliance, when permitted, during a party's testimony period. *See* Trademark Rule 2.120(j)(8).

[3] Trademark Rule 2.120(g)(1) also provides for possible imposition of a sanction when a party fails to participate in the required discovery conference.  That provision of the rule is not, however, implicated by the pending motion, as applicant's brief on the motion acknowledges opposer's participation in such conference.

In response, opposer represents that its failure to serve timely disclosures was inadvertent and unintentional, that it cured this oversight by providing such disclosures on May 30, 2008, and that applicant has suffered no actual prejudice inasmuch as over three months of discovery remained after opposer served its late initial disclosures.

Analysis

Trademark Rule 2.120(a)(2) requires parties to serve initial disclosures, *see* Fed. R. Civ. P. 26(a)(1), no later than thirty days after the opening of the discovery period.

Trademark Rule 2.120(g)(1) provides, in pertinent part (emphasis added):

> If a party fails to participate in the required discovery conference, or **if a party fails to comply with an order of the Trademark Trial and Appeal Board relating to disclosure** or discovery, including a protective order, the Board may make any appropriate order, including those provided in Rule 37(b)(2) of the Federal Rules of Civil Procedure.

Trademark Rule 2.120(g)(2), which sets forth additional provisions discussing the possible imposition of sanctions for failure to make initial disclosures, states, in pertinent part (emphasis added):

> **If a party fails to make required initial disclosures** or expert testimony disclosure, **and** such party or the party's attorney or other authorized representative **informs the party or parties entitled to receive disclosures that required disclosures will not be made,** the Board may make any appropriate order, as specified in paragraph (g)(1) of this section.

Accordingly, sanctions under Trademark Rule 2.120(g)(1), with respect to initial disclosures, may be ordered only where a party's failure to make disclosures follows an order of the Board affirming or reiterating the party's obligation to make such disclosures.[4] In contrast, the sanctions provided for under Trademark Rule 2.120(g)(2) may be ordered even in the absence of a prior Board order affirming or reiterating the party's obligation to make disclosures, but require that the party bearing the obligation affirmatively state that disclosures will not be forthcoming.

The requirement for parties to make reciprocal initial disclosures was introduced into Board inter partes proceedings by amendments to the Trademark Rules, and is applicable to all proceedings which commenced on or after November 1, 2007. *See Notice of Final Rulemaking, Miscellaneous Changes to Trademark Trial and Appeal Board Rules*, 72 Fed. Reg. 42242 (Aug. 1, 2007), (hereinafter "Final Rule"). In the Final Rule, the Board indicated that the requirement for reciprocal initial disclosures facilitates the exchange of "core information regarding the existence of and location of witnesses and documents,"

---

[4] We note, however, that when a party fails to participate in the required discovery conference, an adverse party may move for entry of sanctions under Trademark Rule 2.120(g)(1) even in the absence of a Board order compelling participation.

lessens the expense of traditional discovery, and promotes early communication toward possible settlement.  It is clear that the obligation of parties to make initial disclosures is integral to the efficient conduct of Board proceedings and not an obligation to be taken lightly by the parties.

However, the Final Rule also made clear, in various places, that initial disclosures would essentially be treated the same as discovery responses.  Final Rule, 72 F.R. at 42246 ("In essence, initial written disclosures and initial disclosures of documents will be treated like responses to discovery requests.").  "A motion to compel is the available remedy when an adversary has failed to make, or has made inadequate, initial disclosures or disclosures of expert testimony.  Both of these types of disclosures are made during discovery, and a motion to compel must precede a motion for sanctions.  A motion for sanctions is only appropriate if a motion to compel these respective disclosures has already been granted."  Final Rule, 72 F.R. at 42256.

Clearly, the amended rules relating to initial disclosures treat such disclosures as part of the discovery phase of the proceeding.  Just as sanctions are available when a party fails to meet its discovery obligations, so too are sanctions available when a party fails to meet its initial disclosure obligations.  However, in both instances,

sanctions are not available under Trademark Rule 2.120(g)(1) unless a Board order has been violated, and sanctions are not available under Trademark Rule 2.120(g)(2) unless the party has failed to meet its obligation and has also expressly stated to its adversary that it does not intend to meet its obligation, e.g., will not provide initial disclosures or respond to discovery.

The current motion presents neither of these circumstances. No order compelling initial disclosures has issued in this proceeding pursuant to Trademark Rule 2.120(e), and accordingly, imposition of any sanction under Trademark Rule 2.120(g)(1), whether in the form of dismissal or some lesser sanction, would be premature. *Cf. Fort Howard Paper Co. v. G.V. Gambina* Inc., 4 USPQ2d 1552, 1553 (TTAB 1987) (motion for discovery sanctions "not legally cognizable … until the party failing to answer discovery had violated a Board order compelling such discovery" and motion for sanctions not construed in the alternative as a motion to compel because such a motion requires "as a prerequisite to judicial action" good faith attempt to resolve differences).

Furthermore, notwithstanding that the notice of institution sets a deadline for the parties to provide initial disclosures, it does not constitute an "order of the Trademark Trial and Appeal Board relating to disclosure"

within the contemplation of Trademark Rule 2.120(g)(1). A notice of institution is merely a scheduling order, whereas the type of order that is contemplated as a prerequisite to a motion for sanctions under Trademark Rule 2.120(g)(1) is an order granting or denying a motion to compel or a motion for a protective order. *Cf. M.C.I. Foods Inc. v. Bunte*, 86 USPQ2d 1044, 1048 (TTAB 2008) ("Because M.C.I. failed to comply with the Board's orders [granting motions to compel], sanctions are appropriate."), and *MHW Ltd. v. Simex, Aussenhandelsgesellschaft Savelsberg KG*, 59 USPQ2d 1477, 1478 (TTAB 2000) ("The law is clear that if a party fails to comply with an order of the Board relating to discovery, including an order compelling discovery, the Board may order appropriate sanctions as defined in Trademark Rule 2.120(g)(1) and Fed. R. Civ. P. 37(b)(2), including entry of judgment [citations omitted]."). *See also*, *S. Industries Inc. v. Lamb-Weston Inc.*, 45 USPQ2d 1293, 1298 (TTAB 1997) ("In the event that petitioner fails to comply with this Board order compelling discovery, a formal motion for sanctions will be entertained by the Board. *See* Trademark Rule 2.120(g).").

Accordingly, under the circumstances presented herein, applicant's motion for sanctions in the nature of dismissal is premature and is denied.[5]

If applicant here had first filed, and the Board had granted, a motion to compel the disclosures, and opposer had thereafter failed to timely provide them, or provided inadequate disclosures, applicant would then have been able to move for sanctions. Under such circumstances, the question of what sanction, if any, would be appropriate, would be committed to the discretion of the Board. "Specific consequences for failure of a party to make timely, proper or adequate disclosures have not been set out in the final rule. The Board must retain the discretion to tailor sanctions to the particular circumstances of each case." Final Rule 72 F.R. at 42256.[6]

While applicant's motion for sanctions has been denied, we add that opposer is now warned that it must adhere to the provisions of applicable rules and that its lax approach to its initial disclosure obligation may be considered as an aggravating factor if applicant has occasion to file a later

---

[5] We decline to construe applicant's motion for sanctions as a motion to compel disclosure. A motion to compel disclosure, like a motion to compel discovery, may be filed only after the parties have made a good faith effort to resolve the dispute in accordance with Trademark Rule 2.120(e)(1).

[6] Applicant's alternative request for a lesser sanction sought attorneys' fees. The Board will not, however, award costs or fees. *See* Trademark Rule 2.127(f).

motion for sanctions under Trademark Rule 2.120(g). To be specific, the Board would not hesitate, upon filing of a well-taken motion for such sanctions, to consider the full range of sanctions provided for under Fed. R. Civ. P. 26, and case law interpretive thereof. Such sanctions could include, for example, imposing a limitation on the number of depositions opposer may take, directing that opposer may only serve a certain number of interrogatories or document requests, and/or extending the discovery period for applicant alone in order to account for the impediment that the late service of disclosures presented for applicant's ability to take discovery. Such sanctions might also result in an order precluding opposer from relying at trial on information or documents which should have been disclosed (*Cf. Presto Products Inc. v. Nice-Pak Products Inc.,* 9 USPQ2d 1895, 1896 n.5 [TTAB 1988]), or an order barring opposer from later introducing information which it did not produce. *See* TBMP § 527.01(e)(2d ed. rev. 2004). Moreover, we have recognized that "A party may seek to strike any testimony or portions of testimony, whether or not from an expert, when related disclosures were untimely, improper or inadequate." Final Rule 72 F.R. at 42256.

As a final matter, the parties are reminded that the provision of Fed. R. Civ. P. 26(e) regarding the duty to supplement or amend disclosures applies to inter partes

proceedings before the Board (see Final Rule, 72 F.R. at 42254), and that the Board's standard protective order is applicable in this proceeding pursuant to Trademark Rule 2.116(g).

Proceedings herein are resumed. The deadline for expert disclosures, the close of discovery, and all trial dates are reset as follows:

| | |
|---|---|
| Expert Disclosures Due | **2/25/2009** |
| Discovery Closes | **3/27/2009** |
| Plaintiff's Pretrial Disclosures | **5/11/2009** |
| Plaintiff's 30-day Trial Period Ends | **6/25/2009** |
| Defendant's Pretrial Disclosures | **7/10/2009** |
| Defendant's 30-day Trial Period Ends | **8/24/2009** |
| Plaintiff's Rebuttal Disclosures | **9/8/2009** |
| Plaintiff's 15-day Rebuttal Period Ends | **10/8/2009** |

In each instance, a copy of the transcript of testimony together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.